**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **DAVID WOOTEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 3:26-cv-00011-TES-CHW** |
| | : | |
| **JACKSON CO. DETENTION** | : | |
| **CENTER,** *et al.***,** | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff David Wooten, a prisoner at Wilcox State Prison in Abbeville,

Georgia, filed a 42 U.S.C. § 1983 complaint.   ECF No. 1.   Plaintiff seeks leave to proceed

*in forma pauperis* ("IFP").   ECF No. 2.   Plaintiff's motion to proceed IFP is **GRANTED**

as discussed below, and thus, his complaint is ripe for preliminary review.   On preliminary

review, Plaintiff may proceed with his Eighth Amendment excessive force claim against

Defendant Greene for further factual development.   However, it is **RECOMMENDED**

that Plaintiff's remaining claims be **DISMISSED without prejudice** pursuant to §

1915A(b)(1) for failure to state a claim for which relief may be granted.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security

therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to

pay the cost of commencing this action (*see* ECF No. 6), his application to proceed IFP is

hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

III.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

IV.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted

3

by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

4

U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.      Plaintiff's Allegations

Plaintiff's claims arise from his incarceration on November 8, 2025, in the Jackson County Detention Center in Jefferson, Georgia.  ECF No. 1 at 4-5.  Plaintiff complains that Defendant Corporal Sarah Greene slammed a door tray flap onto his hand resulting in bruises and a broken finger.  *Id*. at 5.  Plaintiff states that Defendant Greene's actions were "motivated by evil motive."  *Id*. at 6.  Plaintiff seeks damages.  *Id*.

III.     Plaintiff's Claims

A.      Plaintiff's claims against Defendants Sheriff McCook and Governor Brian Kemp

Plaintiff names Jackson County Sheriff McCook and Georgia Governor Brian

Kemp as Defendants.   ECF No. 1 at 1, 4.   However, he makes no factual allegation that specifically links Defendants McCook and Kemp to any claim.   *See id*. at 4-6.   To state a claim against a defendant, a plaintiff must link that defendant to an alleged constitutional violation.   *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citations omitted) (affirming dismissal for failure to state a claim when "complaint fail[ed] to allege facts that associate[d]" defendants with constitutional violation); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted) (stating that "section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Ga.,* No. 22-10291, 2022 WL 17484910, at *2 (11th Cir. Dec. 7, 2022) (citing *Douglas*, 535 F.3d at 1321-22) ("The plaintiff's factual allegations must connect the defendants with the alleged constitutional violation."). Plaintiff's failure to link Defendants McCook and Kemp to any constitutional violation is fatal to his claims against them.

To the extent that Plaintiff is seeking to hold Defendants McCook and Kemp liable based solely upon their supervisory roles as Sheriff and Governor, he has failed to state a claim for relief.   "It is well established in [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."   *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).   Instead, "[s]upervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the

6

supervising official and the alleged constitutional deprivation." *Id.* (second alteration in original).   As previously stated, Plaintiff fails to allege that Defendants McCook and Kemp had any direct or indirect involvement in events about which Plaintiff complains other than listing them as the Sheriff of Jackson County and the Governor of Georgia.   Therefore, Plaintiff has also failed to state any claim against Defendants McCook and Kemp based on their supervisory positions.   *See, e.g., Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants McCook and Kemp be **DISMISSED** without prejudice for failure to state a claim.

B.      Plaintiff's claim against the Jackson County Detention Center

Plaintiff has named the Jackson County Detention Center as a Defendant.   ECF No. 1 at 1, 4.   Federal courts have long recognized that sheriff's departments, county detention facilities, and police departments are not legal entities subject to suit or liability under 42 U.S.C. § 1983.   *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003*)* (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding

that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function").

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against the Jackson County Detention Center be **DISMISSED** for failure to state a claim.

C.     Plaintiff's claim against Defendant Corporal Sarah Greene

Although Plaintiff's § 1983 claims arise from his confinement in a county jail, he was a convicted prisoner at the time of the November 2025 incident, having been sentenced in February 2025 to 15 years imprisonment.  ECF No. 1 at 1, 5.  As such, Plaintiff appropriately cites the Eighth Amendment as the applicable constitutional provision governing his claims.  *See id*. at 5; *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986) (stating that claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard.) However, Plaintiff mislabels his Eighth Amendment claim as a "deliberate indifference to safety claim" rather than asserting an excessive force claim as his factual allegations more appropriately support.  *See O'Berry v. State Attny's Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (stating that the district court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff"); *Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013) (citing *United States v. Hung Thien Ly,* 646 F.3d 1307, 1316 (11th Cir. 2011) ("[A] district court must liberally construe a pro se complaint. Thus, where the facts to state a claim are clearly present in a pro se complaint, even if the cause of action is mislabeled, a pro se plaintiff has indeed stated a claim.").

Rather than reviewing Plaintiff's claim as a deliberate indifference to safety claim, the Court construes his claim as one for the unconstitutional use of excessive force. Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id.* at 6. To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that he sustained significant injuries when Defendant Greene kicked a door tray flap down on his hand with "evil motive."   ECF No. 1 at 5, 6.   As the Court must liberally construe Plaintiff's complaint and accept Plaintiff's allegations as true in preliminary screening, Plaintiff's excessive force claim against Defendant Greene is sufficient to proceed for further factual development.

IV.   Conclusion

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.   For the reasons set forth above, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendant Greene for further factual development.   However, it is **RECOMMENDED** that Plaintiff's claims against Defendants McCook, Kemp, and the Jackson County Detention Center be **DISMISSED without prejudice** pursuant to § 1915A(b)(1) for failure to state a claim for which relief may be granted.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying

the number of pages requested.   Failure to object in accordance with the provisions of §

636(b)(1) waives the right to challenge on appeal the district judge's order based on factual

and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims

against Defendant Corporal Sarah Greene of the Jackson County Sheriff's Department, it

is accordingly **ORDERED** that service be made on Defendant and that she file an Answer,

or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the

Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary

service expenses, and of the possible imposition of expenses for failure to waive service

pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and

all opposing attorneys and/or parties advised of their current address.   Failure to promptly

advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute.   Defendant is similarly advised that she is expected to

diligently defend all allegations made against her and to file timely dispositive motions as

hereinafter directed.   This matter will be set down for trial when the Court determines that

discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

12

his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such

13

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED, and RECOMMENDED**, this 17th day of March, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

14